## ROSE SMITHERS v. THOMAS G. BELL AND OTHERS.[1]

June 26, 1931.

No. 28,611.

*Courtney & Courtney* and *Hugh H. Gillen,* for appellants.
*Crassweller & Crassweller,* for respondent.

HILTON, J.

Defendants other than the administrator and Fred Lewis appeal from an order overruling a demurrer to plaintiff's complaint. The demurrer was interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action. The trial court in overruling the demurrer certified that the question presented is important and doubtful.

Action to enforce specific performance of an oral contract claimed to have been made by Orlando Lewis and his wife with plaintiff.

The complaint in so far as here important alleges: Plaintiff when about seven years of age became a ward of the board of control of the state public school. On July 9, 1905, under a written

[1]Reported in 237 N. W. 420.

agreement between the board of control and Lewis, plaintiff was taken into the home of Lewis and his wife to be kept by them until she became 18 years of age, they to maintain and educate her in the manner set forth in said agreement. The terms of the agreement were carried out. Lewis and his wife had no children.

When plaintiff attained the age of 18 years Lewis and his wife desired her to remain with them until plaintiff should marry, performing such duties and rendering to them such care and comfort as a daughter would. That in consideration thereof at their death they agreed to leave, devise, and bequeath all of their property to her. That in consideration of such promise and agreements and in reliance thereon plaintiff lived with them until 1919, when Mrs. Lewis was killed in an automobile accident and plaintiff was severely injured therein. That upon the death of his wife Mr. Lewis again requested plaintiff to remain and care for him as she had theretofore done until she should marry and reiterated his promise that he would leave all his property to her upon his death, and plaintiff agreed to do so and did remain and care for him until May or June, 1920, when at his request she went to live in Willmar, Minnesota, until he could obtain a new house at Proctor. That before he obtained such a house plaintiff was married in March, 1921.

That during all the time from November 8, 1916, when she became 18 years of age, until 1920, when she lived temporarily in Willmar, plaintiff performed all the home duties and services that a daughter would perform, taking care of and helping in the running of the home and receiving no compensation or wages for her services or any part thereof. That during all of said time until she was married, plaintiff (whose right name was Hannah Selinta Kyro) went by the name of "Rose Lewis" and was treated and introduced as the daughter of Lewis, and a strong and lasting bond of affection grew up and existed between plaintiff and Lewis until his death in January, 1931.

A demurrer admits all material facts well pleaded, all the inferences of fact that may fairly be made therefrom, and all the necessary legal inferences which arise from the facts pleaded. On general

610

demurrer a pleading is to be construed liberally in support of its sufficiency. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 7528(a), 7542, 7724, and cases cited. Under the liberal rule maintaining in this state, we are of opinion that the demurrer was properly overruled.

Affirmed.